IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HARRY DOUVOS, | ) | |
|     Petitioner, | ) | Civil Action No. 09-159 Erie |
| | ) | |
| v. | ) | District Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Susan Paradise Baxter |
| FRANCISCO QUINTANA, et al., | ) | |
|     Respondents. | ) | |

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is recommended that the Petition For Writ Of Habeas Corpus be dismissed as moot.

## II. REPORT

On February 16, 2007, Petitioner Harry Douvos was sentenced in the United States District Court for the Eastern District of Virginia to 60 months' imprisonment with a five year term of supervised release to follow for Possession With Intent to Distribute Cocaine Base and a Detectable Amount of Cocaine, in violation of 21 U.S.C. § 841.

The Bureau of Prisons (the "BOP") designated him to FCI McKean. While there, he agreed to participate in the BOP's Residential Drug Abuse Treatment Program ("RDAP"), thus making him eligible to potentially receive 18 U.S.C. § 3621(e)(2)(B)'s early release benefit. His Unit Team preliminary determined that he was eligible for a reduction in sentence under § 3621(e)(2)(B), conditioned upon his successful completion of the Drug Abuse Treatment Program ("DAP").

1

While participating in the DAP, Petitioner was issued Incident Report 1869686, charging him with Possession of Anything Not Authorized, Code 305. At the conclusion of a hearing, the Unit Discipline Committee ("UDC") determined that Petitioner had committed the prohibited act and imposed the sanction of removal from a hobby program in which he was participating. Another consequence of the UDC's determination was that Petitioner was issued a DAP warning based upon the disciplinary action taken in connection with Incident Report 1869686. Because this was Petitioner's fourth warning, he was removed from the RDAP and lost his early release benefit.

## B. Discussion

In his Petition For Writ Of Habeas Corpus [ECF NO. 8], Petitioner challenges the UDC's decision and his expulsion from RDAP with the consequential loss of early release eligibility under § 3621(e)(2)(B). In their Answer [ECF No. 24], Respondents argue, *inter alia*, that the petition should be denied because Petitioner failed to exhaust his administrative remedies and therefore has procedurally defaulted his claims. See, e.g., Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3d Cir. 1996).

This Court need not address Respondents' procedural default argument because BOP records confirm that Petitioner has completed service of his term of imprisonment and has been released from BOP custody. Generally, when a prisoner is challenging the BOP's execution of his sentence pursuant to a petition for writ of habeas corpus, the petition becomes moot if the prisoner completes his term of imprisonment before the habeas proceedings have concluded. See Spencer v. Kemna, 523 U.S. 1, 7-8 (1998); Lane v. Williams, 455 U.S. 624, 631-34 (1982); Burkey v. Marberry, 556 F.3d 142, 147-48 (3d Cir. 2009), cert. denied, — U.S. — , 130 S.Ct. 458 (2009). This rule stems from the well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or

controversy as required by Article III of the Constitution. Spencer, 523 U.S. at 7; Burkey, 556 F.3d at 147. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a 'personal stake in the outcome' of the lawsuit." Id., quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). Thus, if developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. Burkey, 556 F.3d at 147, citing Spencer, 523 U.S. at 7.

When the injury that a complaining party seeks to remedy through litigation is no longer existent, there still may be a case or controversy before the court if there is: (1) a collateral injury; (2) that is "likely" to be redressed by the court's decision. See, e.g., Spencer, 523 U.S. at 7-8, quoting Lewis, 464 U.S. at 477; Burkey, 556 F.3d at 147-51. Courts often will presume that a wrongful conviction has collateral consequences that likely can be remedied by a favorable decision from a habeas court. Id. However, in cases such as the instant case, where a petitioner is challenging the execution of his sentence and not the lawfulness of his underlying conviction, the petitioner has the burden of demonstrating that he has sustained a collateral injury that can be effectively remedied by the court in order to avoid having his case dismissed on mootness grounds. Id.; Burkey, 556 F.3d at 148 ("Where…the appellant is attacking a sentence that has already been served, collateral consequences will not be presumed, but must be proven."). Any purported delay in the commencement of Petitioner's term of supervised release as a result of any alleged over-incarceration is not a sufficient continuing injury to avoid a finding of mootness in this case. Burkey, 556 F.3d at 147-51.

Because Petitioner has been released from incarceration, the relief he sought in his petition is no longer of consequence to him; he no longer has the requisite "personal stake" in the outcome of the

3

litigation. Id.; Spencer, 523 U.S. at 7. Accordingly, there is no case or controversy for this Court to consider, and the petition should be dismissed as moot.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Petition For Writ Of Habeas Corpus be dismissed as moot.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Petitioner is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).


Dated: June 9, 2011            /s/ Susan Paradise Baxter
                               SUSAN PARADISE BAXTER
                               United States Magistrate Judge


cc:    The Honorable Sean J. McLaughlin
       United States District Judge